# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER PATRICK MCGOWAN,** | : | CIVIL NO. 1:19-CV-378 |
| | : | |
| | : | **(Chief Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **OFFICER REISNER,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

Plaintiff Christopher Patrick McGowan ("McGowan"), a former pretrial detainee who was housed at all relevant times at the Franklin County Jail, in Chambersburg, Pennsylvania, initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). The sole remaining defendant is officer Reisner. Before the court is defendant's Rule 12(b) motion to dismiss. (Doc. 30). For the reasons set forth below, the court will grant defendant's motion and dismiss the complaint with leave to amend.

## I. Allegations of the Complaint

On or about September 1, 2017, defendant Reisner allegedly conducted a search of McGowan's cell. (Doc. 1, at 4-5). McGowan walked up to the cell during the search and insisted on remaining there to watch. (Id.) Defendant Reisner allegedly told McGowan to go downstairs during the search. (Id. at 4). McGowan refused to leave and, as a result, he was placed in segregated confinement for twelve days. (Id. at 4-5). McGowan alleges that he suffered mental and emotional

injuries due to this incident. (Id. at 5). At the time of the incident, McGowan was a pretrial detainee at the Franklin County Jail. (Id. at 4).

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"

2

Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

### III. Discussion

#### A. Mental and Emotional Injury

McGowan alleges that he suffered mental and emotional injuries as a result of defendant's alleged conduct.  (Doc. 1, at 5).  There are no alleged physical injuries described in the complaint.  (See Doc. 1).

42 U.S.C. § 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  In Allah v. Al-Hafeez, 226 F.3d 247, 250 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit recognized that where a plaintiff fails to allege actual injury, section 1997e(e) bars recovery of compensatory damages.

3

However, the Court added that an inmate alleging a violation of his constitutional rights may still pursue the action to recover nominal and/or punitive damages even in the absence of compensable harm. See id.

McGowan's civil rights claims assert violations of his constitutional rights and seek both compensatory and punitive damages. (See Doc. 1, at 5). Under the standards announced in Allah and section 1997e(e), McGowan's request for monetary relief to the extent that it seeks compensatory damages for mental and emotional injuries is barred; however, the court will examine McGowan's claims to the extent they seek noncompensatory damages.

### B. Fourth Amendment Claim

McGowan alleges that his Fourth Amendment rights were violated when defendant Reisner refused to allow him to observe the cell search. At best, pretrial detainees have a "diminished expectation of privacy after commitment to a custodial facility," and "[i]t may well be argued that a person confined in a detention facility has no reasonable expectation of privacy with respect to his room or cell and that therefore the Fourth Amendment provides no protection for such a person." Bell v. Wolfish, 441 U.S. 520, 556-57, 99 S.Ct. 1861 (1979). Thus, unannounced searches of a pretrial detainee's cell at irregular intervals do not violate the Fourth Amendment, even if conducted outside the inmate's presence. See id. at 555-57; see also Block v. Rutherford, 468 U.S. 576, 589-91 (1984); Hudson v. Palmer, 468 U.S. 517, 527, 104 S.Ct. 3194 (1984) ("[A]dministration of a prison . . . would be literally impossible . . . if inmates retained a right of privacy in their

4

cells."). In accordance with this well-settled law, McGowan has failed to state a viable Fourth Amendment claim with respect to his allegation that defendant Reisner prohibited him from observing the cell search.

**C.     Due Process Claim**

The United States Court of Appeals for the Third Circuit has stated that, "[g]enerally, prisons may sanction a pretrial detainee for misconduct that he commits while awaiting trial, as long as it is not a punishment for the 'underlying crime of which he stands accused.'" Kanu v. Lindsey, 739 F. App'x 111, 116 (3d Cir. 2018) (quoting Rapier v. Harris, 172 F.3d 999, 1003-06 (7th Cir. 1999)).  With respect to pretrial detainees, "the imposition of disciplinary segregation for violation of prison rules and regulations cannot be imposed without providing the procedural due process protections set forth in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)." Kanu, 739 F. App'x at 116.  These protections include "the right to receive written notice of the charges at least 24 hours before the hearing, the opportunity to present witnesses and documentary evidence, and a written statement of the reasons for the disciplinary action taken and the supporting evidence." Id. (citing Wolff, 418 U.S. at 563-66).

McGowan claims that he was sentenced to twelve days in disciplinary confinement as a result of refusing to leave the area during the cell search, which constituted "improper confinement." (Doc. 1, at 4-5).  The complaint does not allege that defendant Reisner was personally responsible for McGowan's placement in segregation.  Rather, McGowan states that he appeared before a discipline hearing

5

officer, was found guilty of refusing to follow orders, and was placed in disciplinary segregation for twelve days. (Id.) The complaint, as pled, fails to set forth a due process claim against defendant Reisner regarding McGowan's placement in disciplinary segregation.

### D. Fifth Amendment Claim

The Fifth Amendment provides, *inter alia*, that no person "shall be deprived of life, liberty, or property without due process of law." U.S. CONST. amend. V. However, "the due process clause under the Fifth Amendment only protects against federal governmental action and does not limit the actions of state officials." Caldwell v. Beard, 324 F. App'x 186, 189 (3d Cir. 2009); Postie v. Frederick, 2015 WL 1219263, *4 (M.D. Pa. 2015). McGowan sets forth claims against a municipal employee pursuant to 42 U.S.C. § 1983. McGowan does not set forth any allegations against the federal government or federal officials. Because the due process clause of the Fifth Amendment only applies to federal officials, McGowan cannot maintain a Fifth Amendment claim against defendant Reisner and this claim will be dismissed.

## IV. Leave to Amend

When a complaint fails to present a prima facie case of liability, courts should generally grant leave to amend before dismissing a complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has

6

admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245 (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). For the reasons outlined above, McGowan is not entitled to recover compensatory damages for mental anguish or emotional injury, and allowing amendment in this regard would be futile. Additionally, McGowan's Fifth Amendment claim is legally flawed and thus incurable; for this reason, the court concludes that curative amendment would be futile with respect to the Fifth Amendment claim. However, McGowan will be afforded an opportunity to amend his Fourth Amendment and due process claims.

**V.     Conclusion**

For the reasons set forth above, the court will grant defendant's motion (Doc. 30) to dismiss. The court will grant McGowan an opportunity to file an amended complaint in the event he can state a plausible claim for relief.

An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:        December 10, 2019